This is a bill for specific performance, brought by the vendor, to compel the vendee to take title to certain real property which the defendant had refused to accept under the contract, on the ground that the complainants' title was doubtful and unmarketable. The facts and questions at issue are contained in the pleadings, and the parties have submitted the case on the allegations therein contained, which, for the purposes of this suit, are to be taken and considered as true.
The lands in question were formerly owned by one Thomas Neill. He died in 1879, leaving a will, which was duly probated, and which contained, among other things, the following provision:
"I give and bequeath to my grandson Thomas Neill, son of my daughter Margaret Ann Neil, all my property that I bought from G. Van Houten, with my mare, harness and wagon, as his mother's share of my property, and to go to his heirs at his death, and it is my wish that my wife Harriet Neill shall collect my grandson's rent during her life."
Thomas Neill, the devisee, defaulted in the payment of taxes upon the lands so devised, and the same were sold under Martin act proceedings by the receiver of taxes of Paterson, where the lands were located, the purchaser being one Henry S. Writenour. The tax sale took place in 1916. Writenour gave due notice to redeem, as provided by the statute, to all persons having interests in the lands, but none of them redeemed, and deeds for the property were, in due course, delivered to Writenour, and were recorded by him in the register's *Page 480 
office of Passaic county. Thereafter, Writenour conveyed the lands in fee-simple to Anna Neill, the wife of Thomas Neill, the devisee aforementioned. Thereafter the contract for the sale of the lands involved in this suit was made, both Anna Neill and Thomas Neill, the complainants, joining therein.
The defendant, conceiving that the devise above quoted vested in the complainant Thomas Neill a life estate only, refused to take title under the contract. The complainants, however, contend that by this devise Thomas Neill, the devisee, acquired an estate in fee-simple in the lands involved, and that by the tax sale under the Martin act title in fee-simple ultimately vested in the complainant Anna Neill, the devisee's wife; and that, if the tax sale was valid, the wife has title in fee, and, if invalid, the husband has title in fee by virtue of the devise. In either event the title tendered by complainants to defendant is valid and marketable, and the defendant should be compelled to specifically perform his contract.
It is well established that specific performance is discretionary in a court of equity, and that this court will not decree specific performance if there is a substantial doubt regarding the validity of the title involved, or if it be unmarketable.
In the present case the validity and marketability of the title depend upon the effect of the devise in the will of the testator, Thomas Neill, and the strict regularity of the Martin Act tax sale. Upon the facts submitted, which must be taken to be true for the purposes of this suit, no question of the regularity of the tax proceedings is raised. The effect of the devise in the will of Thomas Neill, however, is not free from difficulty; but under the rule in Shelly's Case, which, except as modified by statute, prevails in this state, I am of the opinion that the devisee under that will, who is one of the complainants in this suit, took title to the lands involved in fee-simple. The rule is as follows:
"That where an estate of freehold is limited to a person and the same instrument contains a limitation, either mediate or immediate, to his heirs or the heirs of his body, the word *Page 481 
`heirs' is a word of limitation, i.e., the ancestor takes the whole estate comprised in this term. Thus, if the limitation be to the heirs of the body, he takes a fee-tail; if to his heirs general, a fee-simple." Lippincott v. Davis, 59 N.J. Law 241
(at p. 244).
Tested by this rule, it is clear that the devisee, Thomas Neill, took a freehold with a limitation, in the same instrument, to his heirs general, thereby acquiring under that rule a fee-simple. This he could alien, or it could be divested and transferred by operation of law. He has had no children. Through the operation of the tax sale this fee has become vested in the complainant Anna Neill. Both she and her husband, the devisee aforesaid, have joined in the contract to convey to the defendant. The title is valid and marketable, and the defendant should be decreed to specifically perform his contract to purchase the same.
It is urged, however, that section 10 of the Descent act (2Comp. Stat. p. 1921) has modified in this state the rule inShelley's Case, and would operate in the present situation to vest in the devisee, Thomas Neill, under the provision of the will quoted, a life estate only, with remainder in fee to his children; and that, therefore, complainants cannot convey in fee-simple to the defendant. This section, however, as was pointed out by Chief-Justice Beasley in Lippincott v. Davis,supra, has no effect beyond the "single instance where there are children or the issue of children in whom the remainder can vest," and has no application except where lands are devised for life, and at the death of the life tenant to go to his heirs or his issue, or to the heirs of his body.
But under the view which I have taken of this case, upon the facts presented by the complainants, the devise in question does not present a situation which comes within the section of the Descent act referred to. Badgley v. Hanford, 12 N.J.L.J. 75;Zabriskie v. Wood, 23 N.J. Eq. 541 (at p. 550); Shugrue v.Long, 82 N.J. Law 717 (at p. 725).
I will therefore advise a decree for specific performance in accordance with these views, pursuant to the prayer of the bill. *Page 482